UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KIMBERLY TANNER,

                **Plaintiff**

    v.                                                    **5:15-CV-577 (TJM/ATB)**

**COMMISSIONER OF SOCIAL SECURITY,**

                **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


# DECISION & ORDER

Before the Court is Plaintiff's request for attorneys fees in this appeal of the Defendant Social Security Commissioner's denial of her benefits. See dkt. #29. The Commissioner has responded.

**I.    Background**

Plaintiff Kimberly Tanner applied for Supplemental Security Income and Social Security Disability benefits in December 2012. An Administrative Law Judge ("AJL") denied that application and the Social Security Appeals Council affirmed in March 2015. Plaintiff then filed the instant appeal. On May 11, 2016, Magistrate Judge Andrew T. Baxter filed a Report-Recommendation recommending that the Court reverse the Commissioner's decision and remand the case. See dkt. # 24. On June 7, 2016, this Court adopted that recommendation, reserved the Commissioner's decision, entered

1

judgment, and remanded the case to the Commissioner for further proceedings. See dkt. #s 29. Plaintiff eventually recovered $56,626 in past-due benefits, along with continuing benefits of at least $1060 a month.

Plaintiff recovered $4,231.54 in attorneys fees and $400 in costs under the Equal Access to Justice Act ("EAJA"), 42 U.S.C. § 1988, for 22.55 hours spent representing her. Of that recovery, $14,156.50, representing 25% of the past-due benefits Plaintiff received, has been withheld. See dkt. # 28. Plaintiff's counsel has already received $6,000 for representing the Plaintiff before the Social Security Administration.

Plaintiff's counsel then filed the instant petition for attorneys fees. The government has responded.

## II.    LEGAL STANDARD

"An attorney who has represented a successful claimant before the district court in a matter arising under Title II of the S[ocial] S[ecurity] A[ct] may apply to the court for 'a reasonable fee . . . , not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of [the court's] judgment.'" Wells v. Bowen, 855 F.2d 37, 41 (2d Cir. 1988) (quoting 42 U.S.C. § 406(b)).  The fee arrangement between a lawyer and a Social Security claimant may be a contingent one, so long as the fee does not exceed the statutory cap of 25% on attorneys fees. Wells v. Sullivan, 907 f.2d 367, 370 (2d Cir. 1990). A court should award "a requested fee based on a contingent fee arrangement . . . unless the court finds it to be unreasonable." Id.  Several principles guide a court's determination of whether the fee is reasonable. First, "[i]n the absence of a fixed-fee agreement, a payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." Id. at 371.

"Second, the traditional loadestar method, borrowed from fee-shifting contexts, is not appropriate for evaluating a reasonable fee to be paid by the client in a social security case where there is a contingent fee agreement." Id. Instead, "the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." Id. Third, courts are not permitted to presume that contingent fees are "*per se* reasonable in all social security cases." Id. Still, since the contingent-fee contracts are agreements negotiated between two parties, courts are "normally to give the same deference to these agreements as we would to any contract embodying the intent of the parties." Id.

In the end, "where there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only where it finds the amount to be unreasonable." Id. In deciding whether the contingent fee is reasonable, a court "must give due deference to the parties, but it ought not blindly approve every fee request made pursuant to a contingent agreement." Id. at 372. No "mathematical calculations" are necessary, but the court must evaluate "whether the contingency percentage is within the 25% cap[.]" Id. Considerations include "whether there has been fraud or overreaching in making the agreement, and whether the requested amount is so large as to be a windfall to the attorney." Id. If a court finds the fee unreasonable, "the court may reduce the fee provided it states the reasons for and the amounts of the deductions." Id.

**III.    ANALYSIS**

### A. Plaintiff's Fee Request

Plaintiff seeks an order from the Court directing that $8,156.50 be awarded to counsel and that a previous fee award of $4,231.54 under the EAJA be paid the Plaintiff. Counsel contends that Plaintiff agreed to pay her attorney 25% of past-due benefits. Since counsel has already received $6,000 for work performed at the administrative level, counsel suggests that amount should be subtracted from $14,156.50, which is 25% of Plaintiff's past-due benefits that he recovered. Under federal law, counsel claims, the amount recovered under the EAJA–which is less than the SSA attorneys fees–should be returned to the Plaintiff.

### B. Reasonableness of the Fee

Plaintiff argues that the fee requested is reasonable. Counsel recovered five years of past-due benefits for Plaintiff, as well as continuing benefits of more than $1000 a month. The time spent on providing the services counsel performed was reasonable. The Commissioner acknowledges that the fees were reasonable, Plaintiff claims, since the Commissioner stipulated to an award under the EAJA. No delays in the proceedings are attributable to Plaintiff's counsel. Moreover, given the amount of time expended at the Administrative level, the case was complex and required significant effort from counsel. Plaintiff's counsel will receive no windfall, and Plaintiff will not pay an excessive fee, Plaintiff argues, since the total fee is less than 25% of the recovery and Plaintiff will be returned the EAJA fee.

The government admits that no evidence of fraud or overreaching exists, and that the amount Plaintiff seeks to recover does not exceed the statutory cap. The government

calculates that the per-hour fee that Plaintiff's counsel would receive for this work as $339.15 per hour. That fee, the government admits, is "reasonable and not a windfall." At the same time, however, the government points out, "it is not clear to what extent the $339.15 per hour in this case represents solely attorney time spent as opposed to both attorney and legal assistant time." Plaintiff's filings of billed hours do not make clear whether the hours charged in the federal case were for attorney or legal assistant time. The government does not dispute the distribution of the award that Plaintiff seeks.

The Court finds the fee sought by Plaintiff reasonable. As the government admits, the fee sought does not exceed 25% of the total past-due benefits awarded. The government also admits that no evidence of fraud in negotiating the fee agreement exists, and that the amount sought does no amount to a windfall for the attorney. The Court agrees that the attorney would receive no windfall from this outcome; this case proceeded over years and required skilled argument from experienced counsel, who parsed hundreds of pages of administrative and medical records, managed to overcome the government's arguments and convinced the Court to reverse the Commissioner's findings. A payment in the amount requested by the Plaintiff for that degree of work is, as the government admits, not a windfall for Plaintiff's counsel. The government's suggestion that counsel's billing records are not entirely clear as to who performed the work on Plaintiff's case are unavailing. Using the standards articulated above, Counsel's fees are reasonable considering the length and success of the litigation and the work required of counsel to achieve that end. The Court does not use the "lodestar" method to calculate fees, and a complaint about particular charges when all agree that the fee itself is not excessive must fail.

### C. Timeless of Fee Request

The government points out that Courts in some circuits have required that a prevailing Plaintiff in a Social Security case file their motion for fees within 14 days of receipt of the Commissioner's notice of award. Plaintiff here, the Commissioner points out, received notice of the award of April 26, 2018. She filed her request on May 15, 2018, 19 days after receiving that notice. The government admits that the Second Circuit Court of Appeals has not ruled on this issue, and that district courts in this Circuit have taken different approaches. The government concludes that "[b]ased on the foregoing, the Commissioner respectfully defers to the Court on the timeliness issue, and does not object to the instant motion on this basis."

The Court agrees with those courts which have found that "in determining whether the requested fees pursuant to § 406(b) are reasonable, the court is entitled to take into account counsel's failure to timely file a colorable EAJA application." Talmadge ex rel. A.M.L. v. Commissioner of Social Security, No. 13cv1186, 2015 WL 1897123 at *2 (N.D.N.Y. April 27, 2015); see also, Blair v. Colvin, No. 11cv404, 2014 WL 3891321, at *1 (N.D.N.Y. Aug. 7, 2014) (same); Garland v. Astrue, 492 F.Supp.2d 216, 223 (E.D.N.Y. 2007) (Congress in passing § 406(b) "sought to protect claimants from excessive fees. Requiring attorneys to file under 406(b) in a reasonably timely fashion serves these interests by providing a flexible mechanism to enable attorneys to file fee applications while seeking to ensure that money rightfully due the plaintiff is not needlessly withheld for an excessive amount of time."). These holdings find that timeliness is one factor in the reasonableness calculation, rather than a determinative factor itself. Under the

6

circumstances here, where counsel filed for fees within 19 days of notice of the award, the Court finds that counsel sought fees within a reasonable amount of time. No evidence indicates that the brief delay was an attempt to increase the fees recovered or was the result of bad faith. The delay was not an unreasonable one, and the Court will not deny the request on that basis.

**IV. CONCLUSION**

For the reasons stated above, the Plaintiff's request for attorneys fees pursuant to 42 U.S.C. § 406(b)(1), dkt. # 29, is hereby GRANTED, as follows:

1. Attorneys fees are awarded to Plaintiff in the amount of $8156.50, payable to Mark M. McDonald, counsel for Plaintiff; and
2. Counsel is hereby directed to pay the attorneys fees of $4,231.54 previously awarded under the EAJA to Plaintiff.

**IT IS SO ORDERED**

DATED: December 12, 2018

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge